# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

DARRYL BRIGGS                                                                                      PETITIONER
ADC #087649

v.                                              4:18cv00768-BRW-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction                                                         RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.   BACKGROUND

Petitioner, Darryl Briggs, pleaded guilty to one count of kidnapping, one count of possession of firearms by certain persons, and one count of aggravated assault on a family or household member in the Pulaski County Circuit Court on July 11, 2017.[1] According to the Arkansas Department of Correction website,[2] Mr. Briggs was sentenced to 120 months.

According to his own Petition, Mr. Briggs did not appeal his conviction. (Doc. No. 1 at 2.) He did file for post-conviction relief under Rule 37 on December 27, 2017; however, the Pulaski County Circuit Court found his petition untimely and denied it on February 2, 2018.[3] Significantly, Mr. Briggs sought no further post-conviction relief in state court. However, he now

---

[1] Sentencing documents from Pulaski County Circuit Court case *State v. Briggs*, 60CR-16-3344, were viewed in the Arkansas Judiciary's CourtConnect because this information was not provided as part of the instant record. If Mr. Briggs believes any of this information is incorrect, he should so state in his objections to this Recommendation.
[2] (https://apps.ark.org/inmate_info/search.php).
[3] This information was again obtained through Arkansas Judiciary's CourtConnect.

seeks federal habeas relief, alleging his confession was coerced, ineffective assistance of counsel, prosecutorial misconduct, and actual innocence.

After careful review of Mr. Briggs's Petition, for the following reasons I find his claims are procedurally defaulted, and his case does not meet the criteria for any exception to excuse his procedural default.  Therefore, the Petition should be DISMISSED.

**II.     ANALYSIS**

    **A.     Procedural Default**

Before filing a federal habeas petition, a state inmate must first "fairly present" the substance of his or her federal habeas claims to the appropriate state courts. *Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)).  The fair-presentment requirement exists so that the respective state has the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."  *Murphy*, 652 F.3d at 849 (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)); *see also Picard v. Connor,* 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal policy, 'for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'") (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)); *Lenza v. Wyrick*, 665 F.2d 804, 807-08 (8th Cir. 1981).  When an inmate fails to comply with the fair-presentment requirement, his or her claims will be procedurally defaulted. *Murphy*, 652 F.3d at 849.

If it would be futile for a petitioner to return to the state courts to present his or her claim, "the exhaustion requirement in § 2254(b) is satisfied, but th[is] failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause

and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)).

After carefully reviewing the Petition provided by Mr. Briggs, I conclude he has indeed procedurally defaulted all of his claims. He admits he did not file a petition for post-conviction relief with the Arkansas courts (Doc. No. 1 at 2), and his Rule 37 petition was filed untimely.

Federal district courts may only review procedurally defaulted petitions if the petitioner can demonstrate: (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice, that is, a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Mr. Briggs provides no facts to support cause and prejudice. In fact, he admits he did not file any direct appeals and said his Rule 37 petition "was untimely" filed. (Doc. No. 1 at 4.) Without any information to demonstrate cause and prejudice, I cannot find he meets the first exception for excusing procedural default. For the same reason, Mr. Briggs also fails to fit into the miscarriage-of-justice exception. Few petitioners are "within the narrow class of cases . . . implicating a fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 315 (1995). "[T]he miscarriage of justice exception requires prisoners to present 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error.'" *Turnage v. Fabian*, 606 F.3d 933, 941 (8th Cir. 2010) (quoting *Schulp v. Delo*, 513 U.S. at 316 (1995)). Mr. Briggs provides nothing more than speculation and conjecture in his Petition, and as such, I cannot find he meets this exception.

    **B.**    **Actual Innocence**

Mr. Briggs says he is actually innocent and, in some cases, a claim of actual innocence may be reviewable by federal courts. (Doc. No. 1 at 5.) However, a freestanding claim of actual innocence, like the one Mr. Briggs raises, is simply not cognizable. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993).

A claim of actual innocence acts "as a gateway to adjudication of a federal habeas petition on the merits." *McQuiggin v. Perkins*, 569 U.S. 383, 390 (2013). However, to establish a claim of actual innocence, the petitioner must show factual innocence, not simply legal insufficiency of the evidence to support a conviction. *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). Furthermore, Mr. Briggs must establish: (1) *new* and *reliable* evidence that was not presented to the state courts, and (2) in light of the new evidence, it is more likely than not that no reasonable juror would have convicted him. *See Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997) (emphasis added). Evidence is "new" if it was not available at the time of trial through the exercise of due diligence. *Nooner v. Hobbs,* F.3d 921, 934 (8th Cir. 2012).

In Mr. Briggs's claim of actual innocence, he claims "their [sic] are witnesses as well as the victim her self state I didn't do as alledged [sic]," but fails to provide names or statements from these witnesses. (Doc. No. 1 at 5.) This is not new and reliable evidence as required by *Bowersox*. Simply stating he has evidence is insufficient to prove actual innocence, and therefore, does not excuse his procedural default regarding his claims.

    C.    *Martinez v. Ryan*, **566 U.S. 1 (2012)**

Additionally, I have reviewed Mr. Briggs's claim of ineffective assistance of counsel pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012). *Martinez* established a "cause-and-prejudice" test for the exception to procedural default, but by its very terms, was confined to narrow circumstances. 566 U.S. at 9. The exceptions are succinct: "Inadequate assistance of counsel **at**

5

**initial-review collateral proceedings** may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." (*Id.*) (emphasis added). The language of the *Martinez* exceptions strongly implies, if not compels, that there must have been a collateral post-conviction proceeding. That did not happen here. The first Supreme Court case to deal with the inevitable ripple effects of *Martinez* clarified and emphasized a key qualification to *Martinez*: "At the same time we qualified our holding. We said that the holding applied where state procedural law said that 'claims of ineffective assistance of trial counsel **must** be raised in an initial-review collateral proceeding.'" *Trevino v. Thaler*, 599 U.S. 413, 416 (2013) (emphasis in original).

The Eighth Circuit Court of Appeals has held that *Martinez* applies to Arkansas collateral review proceedings. *Sasser v. Hobbs*, 735 F.3d. 833 (8th Cir. 2013). But *Martinez* and all of its progeny discuss a defective collateral-review process; they do not discuss a non-existent one - a collateral review that did not happen because the convicted person simply failed to file it in a timely fashion.

Mr. Briggs does not allege, and he offers no facts in support of a supposition that anything the State of Arkansas did or failed to do prevented him from filing a timely Rule 37 petition. At least one district court has grappled with this problem and concluded that *Martinez* was unavailing to the petitioner who simply fails to seek any relief:

> The rule in *Martinez* is triggered either where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial or where appointed counsel in the initial-review collateral proceeding was ineffective. The Supreme Court was adamant that its holding in *Martinez* created a "limited" and "narrow" exception to the rule established in *Martinez*. 132 S. Ct. at 1315, 1319. Because the Court spoke only of applying its exception to an "initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel[,]" we conclude that the *Martinez* analysis is inapplicable where the criminal defendant did not initiate any state collateral review proceeding whatsoever. *Id.* at 1318. Were it otherwise, the *Martinez* rule could potentially apply to any defendant who failed to petition for state collateral review.

*Jones v. Pa. Bd. of Prob. & Parole*, 492 Fed. Appx. 242, 246-247 (3d Cir. 2012).

I find this reasoning to be persuasive. *Martinez* should not be read to allow a convicted person to simply bypass state procedures and to use the federal courts as the first stop in post-conviction review. Accordingly, I find Mr. Briggs's Petition for Writ of Habeas Corpus should be DISMISSED.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, all of Mr. Briggs's claims are clearly procedurally defaulted. His claims have never been raised on direct appeal and he has provided no evidence of cause and prejudice for the default. *Martinez* is unhelpful to Mr. Briggs because he simply failed to file a timely post-conviction petition in state court, and he asserts no legally significant reason for his failure to do so. Therefore, no certificate of appealability should be issued.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Mr. Briggs's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED without prejudice.

2. A certificate of appealability should not be issued.

DATED this 15th day of November, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE